**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-127-HRW

BASIM ALI TALOUZI PETITIONER

VS: **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, *Warden* RESPONDENT

Basim Ali Talouzi, who is confined in the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is Terry O'Brien, the warden of FCI-Ashland.

CLAIMS

The petitioner alleges that his due process rights, under the Fifth Amendment of the United States Constitution, were violated in two respects when Lieutenant S. Chapman, the Disciplinary Hearing Officer ("DHO"), imposed various disciplinary sanctions against him. First, the petitioner alleges that there was no reason, authorized by 28 C.F.R. §541.16(a), to enlist Lt. Chapman as an alternate DHO to preside over his disciplinary proceeding. He argues that because Lt. Chapman was assigned only to "regular duties" at FCI-Ashland, and was not regularly assigned to conduct DHO hearings, he was not an "independent hearing officer" within the meaning of 28 C.F.R. 16(a).

Second, the petitioner asserts that there was insufficient evidence to convict him of the offense of "Possession of Anything Not Authorized" (Code 305).[1] He argues generally that the BOP failed to offer proof of all elements of a Code 305 violation. As a result of that infraction, the petitioner was ultimately sanctioned with the loss of 14 days of Good Time Credit ("GTC").

FIRST TALOUZI §2241 PETITION

This is not the first time that the instant petitioner has challenged the outcome of a disciplinary hearing. On October 18, 2004, the instant petitioner filed a previous §2241 petition, being *Talouzi v. O'Brien*, Ashland Civil Action No. 04-187 (the undersigned, presiding) ("the First Talouzi §2241 Petition). In the First Talouzi §2241 Petition, he challenged various aspects of an earlier disciplinary hearing that occurred on January 22, 2004, in which he was also charged with stealing. The DHO found the petitioner guilty fo "Stealing" and "Possession" and was sanctioned

---

1

The various levels of Bureau of Prisons ("BOP") offenses are listed in 28 C. F. R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

with the loss of 30 days of GTC and disciplinary segregation.

On appeal to this Court, the petitioner argued that for ten different reasons, the hearing and the sanction imposed violated his Fifth Amendment right to due process of law. On February 3, 2005, the Court dismissed the First Talouzi § 2241 Petition, finding that there was sufficient evidence to support the petitioner's conviction and the disciplinary sanctions imposed. The petitioner then appealed the dismissal of the First Talouzi § 2241 Petition. On December 12, 2005, the Sixth Circuit entered an unpublished Order affirming the dismissal, stating that this Court correctly concluded not only that the petitioner received all of the procedural process due him in the proceedings, but also that the "record clearly reveals an evidentiary basis for the disciplinary decision. See *Superintendent, Mass. Corr. v. Hill*, 472 U.S. 445, 455-56 (1985)." [2]

## ALLEGATIONS OF THE PETITION

### 1. Disciplinary Charges and Hearing

On December 9, 2004, a staff member at FCI-Ashland filed an Incident Report in which he charged the petitioner stealing various food items and cooking apparatus, in violation of Code 219. The charge was referred to a Unit Disciplinary Committee ("UDC") pursuant to 28 C. F. R. § 541.15. The UDC determined that referral to the DHO was appropriate under 28 C. F. R. § 541.16.

The DHO conducted a hearing on December 23, 2004. The petitioner's Unit Manager, W. Wallace, advised the petitioner of his right to a staff representative, which the petitioner waived. The petitioner admitted to the DHO that he possessed some of the items obtained from someone in Food Services, but denied stealing the food items and supplies. He stated that he intended to make

2 The Court's records further reflect that on December 7, 2005, the instant petitioner filed a third § 2241, being *Talouzi v. O'Brien*, Ashland Civil Action No. 05-235 (the undersigned, presiding). In that § 2241 petition, the petitioner challenges his security classification and the fact that he was denied participation in the BOP's Residential Drug Abuse Program established under 18 U.S.C. §3621(e)(2)(B). That case is still pending.

Christmas candy with the contraband. The DHO found the petitioner guilty of "Stealing" (Code 219) and sanctioned him to the loss of 27 days of Good Time Credit ("GTC") and thirty days in disciplinary segregation.

2. Disposition by Mid-Atlantic Region

The petitioner then appealed the DHO's decision to the BOP's Mid-Atlantic Regional Office ("MARO"). In his BP-10 appeal, dated January 11, 2005, the petitioner stated as follows:

> "*I have admitted to the possession of the food service contraband items found in my locker*, but I did not steel {sic} any of it. I work for UNICOR and those items were found in my locker while I was working. . . I should not have been charged with steeling {sic} *and since the DHO failed to reduce my charge to the appropriate level (305)*, the charge and the sanctions should be expunged.

[Record No. 1, Petition, Attachment] (Emphasis Added).

In his appeal to the MARO, the petitioner did not raise the claim he now asserts in the instant petition: that there was no basis to use Lt. Chapman as an alternate DHO in his case.

On January 31, 2005, K. M. White, Regional Director of the MARO, issued a written response to the petitioner's appeal. White agreed with the petitioner that modification of the DHO report was warranted. White determined that the most appropriate charge for the offense was "Possession of Anything not Authorized" (Code 305), not "Stealing" (Code 219). White amended the charge to reflect the reduced charge and informed the petitioner that he would be receiving an amended DHO report. White further concluded the required disciplinary procedures had been followed, and that there was evidence in the record to support the DHO's findings.

Pursuant to the MARO'S decision, the DHO issued an amended report on March 18, 2005, noting the amendment of the charge down to a Code 305 offense. The report stated that the petitioner would only lose 14 days of GTC, instead of 27 as set forth in the original report.

3. Disposition by National Inmate Appeals

Still not satisfied, the petitioner then appealed the MARO's decision to the BOP's highest level, the National Inmate Appeals. He argued that the sanction imposed in the amended DHO report "exceed the sanctions authorized for moderate category offenses such as Code 305 violation" [Record No. 1, Petition, attachment]. In this appeal, the petitioner for the first time raised the claim that circumstances did not exist under §541.16(a) and that there was no reason to use Lt. Chapman as an "alternate" DHO to preside to conduct DHO hearings On June 21, 2005, Harrell Watts, Administrator of the National Inmate Appeals, issued a written denial of the appeal.

Watts did not address the petitioner's challenge to Chapman's qualification to preside over his hearing. Watts disputed the petitioner's claim that the sanction was excessive, stating that the applicable BOP regulations required the loss of a minimum of 14 days GTC for "Moderate Category" offenses, under which a Code 305 offense falls. Watts stated that upon review of the record, the required disciplinary procedures had been followed and that there was evidence in the record to support the DHO's findings. On August 16, 2005, the petitioner filed this petition.

RELIEF REQUESTED

The petitioner seeks the reinstatement of the 14 days of good time credit which he was ordered to forfeit as result of the amended DHO Report.

DISCUSSION

1. Proper Forum

Claims which challenge the execution of sentence, such as issues concerning the computation of parole or sentence credits, are properly raised under §2241 in the district where the petitioner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925

F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). As the petitioner is currently incarcerated in the Eastern District of Kentucky, the petitioner has filed his petition in the proper court.

2. Admission Was "Some Evidence" of Possession Charge

The petitioner admitted at his disciplinary hearing that he possessed the contraband items, but that he did not steal them. He said that food service workers had given the items to him and that he was going to make Christmas candy. He reiterated in his appeal to the MARO that he was guilty of possession of the contraband items, but that he did not steal the items. He argued to the MARO that the DHO should have "reduced" his charge to the "appropriate level (305)." The MARO agreed with his argument and did exactly what the petitioner requested: reduced the charge to the "appropriate level (305)." The petitioner received the very concession he sought from the MARO: a reduced charge and a substantial reduction (13 days) in the amount of GTC he was to forfeit.

The Court finds it relevant that when he filed his MARO appeal on January 11, 2005, the petitioner did challenge the circumstances of Lt. Chapman being selected as an alternate DHO under §541.16(a). The petitioner did not assert that claim until March 31, 2005, when he filed his appeal to the National Inmate Appeals, well after the MARO had granted him the specific relief he had requested on January 11, 2005.

The petitioner also asserted, for the first time in his BP-11 appeal to the National Inmate Appeals, another legal argument he had not raised before the MARO. The petitioner argued that "had it not been for the overcharging of the relevant offense, the UDC would have had greater latitude in resolving the charges, and would not have been compelled to refer the matter to the

DHO." He then went on to request that all sanctions against him be set aside.

It appears that after the petitioner obtained the reduction in charge and sanction that he requested from the MARO, he then raised two new arguments before the National Inmate Appeals, challenging not only Lt Chapman's partiality and the circumstances surrounding his presiding as the alternate DHO, but also the fact that the UDC might have been able to dispose of a lesser charge. Furthermore, the petitioner now raises a claim in this §2241 petition that he did not raise at *either* level of the BOP administrative procedure: that there was no evidence that he had not been issued the food items and supplies through regular channels, as required by §541.13, Table 3, Code 305.

As discussed, the petitioner has filed a previous §2241 habeas proceeding in this Court in which he challenged the sufficiency of the evidence upon which he was convicted in a disciplinary hearing. In dismissing the First Talouzi §2241 Petition, the Court informed the petitioner that according to *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985), there need only be "some evidence" to support the disciplinary decision.[3]

The Court will now restate what it said in the dismissal of the First Talouzi §2241 Petition. Federal courts do not assess credibility or weigh the evidence when reviewing a disciplinary conviction. A disciplinary action should be upheld if it is supported by "some evidence." *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. at 455-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* In *Superintendent v. Hill*, the Supreme Court held that:

> [a]ssuming that good time credits constitute a protected liberty interest, the revocation of such credits must be supported by some evidence in order to satisfy the

---

[3] Moreover, the credibility determinations of the hearing officers cannot be disturbed on appeal. *Wagner v. Seely, et al.*, 915 F.2d 1575 (7th Cir. 1990) (unpublished), *cert. denied*, 501 U.S. 1219 (1991).

> minimum requirements of procedural due process . . . . [a]scertaining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.

*Id.* at 454-55.

Therefore, a district court has no authority under the guise of due process to review a disciplinary committee's resolution of factual disputes. *Id.* at 455. A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt. A district court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support. *Id.* at 457. The only question is whether the DHO had "some evidence" to ensure fairness and justify his amended findings.

In the instant proceeding, there was more than "some evidence" that the petitioner possessed contraband in violation of Code 305: there is an *admission* from the petitioner, at not one but two administrative levels, that he possessed the contraband. To the extent that the petitioner disagrees with the DHO's amended decision and amended sanction of the loss of 14 days of GTC (which he requested at the MARO level), the petitioner fails to state a legitimate Fifth Amendment claim.

The petitioner *admitted* he possessed contraband in violation of Code 305, which was the infraction for which he was ultimately convicted and sanctioned. Subsequently, in his BP-11 appeal, the petitioner belatedly challenged whether circumstances permitted Lt. Chapman to preside as the DHO over his hearing, and whether Chapman was impartial because he was a "regular" employee of FCI-Ashland. The petitioner claims that based upon those alleged facts, he was denied due process of law in connection with the procedures of his disciplinary hearing, in violation of *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). However, the fact remains that the petitioner *admitted*

to possessing contraband, not only at the hearing, where he waived representation by staff, but also before the MARO. In light of his admission to possessing contraband, the circumstances surrounding the DHO's appointment, and any challenge to his partiality, would therefore be moot.[4]

3. Amendment of Charge Did Not Violate Fifth Amendment

To the extent that the petitioner may be complaining about the DHO amending the charges against him after he (petitioner) had begun the BOP administrative exhaustion process, that claim also fails. In his appeal to the MARO, the petitioner requested an amendment from Stealing (Code 219) to Possession (Code 305). The amended conviction and sanction were supported by the fact that the petitioner admitted to "possession of contraband," which admission was clearly sufficient evidence. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445.[5]

The petitioner in *Hernandez-Severio v. DeRosa*, 2005 WL 2237700 (D. N. J. September 13, 2005 ) (Only Westlaw Citation available) unsuccessfully raised the exact claim. In that case, just as in the instant case, Hernandez-Severio insisted that Offense Code 305 should have been charged. Like the instant petitioner, he admitted in the DHO hearing and in the administrative appeals that he had committed a violation of Offense Code 305. Hernandez-Severio argued that he was deprived of due process as a result of an amended DHO Report, contending that the charges should have been dismissed rather than amended. The Court construed the challenge to the amendment of the DHO Report during the administrative appeal process as a claim that the petitioner did not receive the

---

4

Again, the petitioner failed to raise his challenge to the appointment and partiality of Lt. Chapman, as an alternate DHO, when he filed his MARO appeal on January 11, 2005.

5

This conclusion disposes of the argument, newly raised in the §2241 petition, that the BOP failed to prove both elements of a "possession" offense under Code 305.

required advance notice of the charges against him.

The Sixth Circuit upheld the dismissal of his §2241 petition, finding that Hernandez-Servio did not dispute any of the operative facts regarding his possession of contraband, and he did not explain how a more precise charge of Offense Code 305 in the initial Incident Report would have affected his defense against the amended charge. The Sixth Circuit determined that because Hernandez-Servio insisted at the DHO hearing, and in the administrative appeals, that Offense Code 305 should have been charged and admitted that he had committed a violation of Offense Code 305, he did not suffer any actual lack of notice of the amended charge.[6]

4. Sanction Authorized by BOP Table

The petitioner argued in his appeal to the National Inmate Appeals that the sanction imposed in the amended DHO report exceeded the sanctions authorized for a "Moderate Category" offense, such as Code 305 violation. That argument is without merit and will be dismissed with prejudice. The regulation which governs disallowance of good conduct time states as follows:

> II. .... inmates rated as violent and PLRA inmates will ordinarily be disallowed good conduct time for each prohibited act they are found to have committed at a DHO hearing, consistent with the following...
>
> (3) Moderate category offenses: *A minimum of 13 days* (or, if less than 54

---

6

The Sixth Circuit noted that procedural errors in the prison discipline process are subject to "harmless error" analysis, citing *Elkins v. Fauver*, 969 F.2d 48, 53 (3d Cir.), *cert. denied*, 506 U.S. 977 (1992); *Hollawell v. Lehman*, 1995 WL 447470 (E. D. Pa. July 27, 1995), *aff'd*, 96 F.3d 1433 (3d Cir.1996), and *Powell v. Coughlin*, 953 F.2d 744 (2d Cir.1991) (quoted with approval in *Elkins* ). It concluded, in an analysis applicable to the instant claim, that to the extent that Hernandez-Servio did not receive actual notice that the charge against him was Offense Code 305, the error was harmless, stating as follows:

> "Petitioner does not dispute the operative facts. Indeed, he never disputed that those facts constituted a prohibited act. Nor does Petitioner dispute that the amended sanctions fall within the permissible range. Petitioner is not entitled to relief on this due process claim."

*Hernandez-Severio v. DeRosa*, 2005 WL 2237700

> days are available for the prorated period, a minimum of 25% of available good conduct time) for each act committed if the inmate has committed two or more moderate category offenses during the current anniversary period;

28 C. F. R. §541.13 (1)(b.1)(II)(3) (Emphasis Added).

According to "Table 4-Sanctions" of 28 C.F.R. §541.13, the DHO was required to impose a GTC sanction, for a Moderate Category Offense, in an amount of at least 13 days. Clearly, the sanction of 14 days of forfeited GTC fell within the guidelines of the Table. The petitioner's challenge on this issue will be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(ii).

5. UDC Properly Referred Charge to DHO

The petitioner claims in his BP-11 appeal that had he been originally charged with the Moderate Category offense of "Possession" (Code 305), instead of "Stealing" (Code 219), the UDC might not have referred the matter to the DHO for disposition. Again, that challenge has no merit. "Possession" of contraband is a Moderate Category Offense, and according to the express terms of §541.13 (a)(3), the UDC is clearly authorized to refer a charge involving a Moderate Category Offense to the DHO for further consideration. The regulation states in relevant part as follows:

> *The UDC ordinarily shall refer to the DHO a moderate category charge* for a V.C. C. L. E. A. inmate rated as violent or *for a PLRA inmate if the inmate had been found to have committed a moderate category offense during the inmate's current anniversary year* (i.e., the twelve month period of time for which an inmate may be eligible to earn good conduct time). The UDC must thoroughly document in writing the reasons why the charge for such an inmate was not referred to the DHO.[7]

---

7

The term "V. C. C. L. E. inmate" refers to an inmate who, as specified in the Violent Crime Control and Law Enforcement Act of 1994, committed a crime of violence on or after September 13, 1994. The term "PLRA inmate" refers to an inmate who has been sentenced for an offense committed on or after April 26, 1996. 28 C. F. R. §541.13

28 C. F. R. §541.13(a)(3) (Emphasis Added).

That allegation will be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Basim Ali Talouzi's petition for writ of habeas corpus is **DENIED**.

(2) This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 3 day of January, 2006.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE